## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Stewart Levine,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Abe Ross Levine, and Social Security Administration,<br><br>　　　　　　Defendants. | Civ. No. 20-2130 (MJD/BRT)<br><br>**REPORT AND RECOMMENDATION** |

　　　　This action is before the Court on Plaintiff Stewart Levine's Complaint (Doc. No. 1); Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) ("IFP Application"); and filing seeking an "expedited hearing" (Doc. No. 3) ("Hearing Motion"). For the following reasons, this Court recommends dismissing the Complaint without prejudice for lack of jurisdiction and denying the IFP Application and Hearing Motion as moot.

## BACKGROUND

　　　　Plaintiff Levine filed his Complaint on October 7, 2020. (*See* Doc. No. 1, Compl. 1.) He prepared the Complaint on a standardized template for civil action complaints, but left certain important responses blank. The first concerns jurisdiction. Levine asserts that the basis for federal-court jurisdiction here is federal-question jurisdiction under 28 U.S.C. § 1331. (*See id.* at 3.) But when asked "which [f]ederal [c]onstitutional, statutory or treaty right is at issue," Levine provides no response. (*See id.*)

A second important gap occurs in the Complaint's section titled "Statement of the Claim." This section is for a plaintiff to provide "the basic facts of [his or her] claim," including a "specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how [the plaintiff was] harmed." (*Id.*) Levine leaves this section blank. (*See id.* at 4.)

Notwithstanding these gaps, other parts of the Complaint somewhat explain why Levine has filed suit. Within the Complaint's "Request for Relief," Levine states that he wants "the Social Security Administration ['SSA'] punished to the full extent of the law for making [his] son [i.e., Defendant Abe Ross Levine (hereinafter 'Abe Levine')] the representative payee of [Stewart Levine's Social Security] benefits." (*Id.* at 4 (capitalization amended).)[1] Levine seeks an order requiring Defendants to pay him "the totality of [his] benefits," including past, present, and future payments. (*Id.*) Levine also asserts that the SSA caused him "financial, physical, and mental harm"; he wants the

---

[1]   According to a treatise on Social Security –

> Ordinarily, social security benefit payments are made directly to the beneficiary. If, however, the Social Security Administration . . . determines that it would be in the beneficiary's best interest, payment of old age, survivors, and disability insurance (OASDI) benefits may be made to a relative or some other person, who would be responsible for using the money received on behalf of the beneficiary.

2A Social Security Law & Practice § 32:1, Westlaw (treatise updated September 2020). This "other person" is known as a "representative payee," *id.*, and the SSA also uses the representative-payee mechanism for payment of supplemental security income ("SSI"). *See id.* at n.2. As the Court understands Levine's filing, Abe Levine has been made Levine's representative payee for payment of OASDI benefits as well as payment of SSI. (*See, e.g.*, Hr'g Mot. 1 (referring to "Social Securit[y] and S.S.I. benefits").)

SSA "punished" for imposing this harm. (*Id.*) In addition, he seeks monetary compensation, and wants his future Social Security benefits sent to him at his current address. (*See id.* at 4–5.)

Along with the Complaint, Levine filed an IFP Application and the Hearing Motion. The IFP Application asks this Court to let Levine proceed in this action *in forma pauperis*. (*See generally* IFP Appl.) The Hearing Motion requests an "expedited hearing" to address Levine's concerns. (Hr'g Mot. 2.) The Hearing Motion also asserts that the SSA's decision to make Abe Levine a representative payee was "without any justification or documentation." (*Id.*)

## ANALYSIS

### I.   Screening Standards

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) speaks of dismissing "the action," but courts routinely use the rule to dismiss portions of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998); *In re Polaris Mktg., Sales Practices, and Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019).

### II.  Construction of Complaint's Claims

Because Levine claims that this Court has federal-question jurisdiction over this action,[2] the Court must consider what causes of action Levine means to press against

---

[2]   The other major jurisdictional alternative—diversity jurisdiction under 28 U.S.C. § 1332(a)—cannot apply here, because Levine and Abe Levine are both Minnesota

3

Defendants. The Complaint itself does not specify any particular causes of action, though the attached civil cover sheet refers to "fraud, deception [and] theft." (Doc. No. 1-1, Civil Cover Sheet 1.)

Given Levine's claims of fraud and theft, as well as the Complaint's connection to Social Security benefits, the Court suspects that the federal statutes most closely aligned to Levine's claims are 42 U.S.C. § 408(a) and 42 U.S.C. § 1383a(a).[3] Section 408(a) makes it a felony to engage in various sorts of fraudulent conduct with respect to claims for OASDI benefits; § 1383a(a) does the same for SSI benefits. *See generally* 42 U.S.C. § 408(a)(1)–(9); 42 U.S.C. § 1383a(a)(1)–(4). Of the various subsections here, the Court thinks the two that best match this case's facts are § 408(a)(5) and § 1383a(a)(4). Under § 408(a)(5), it is a felony to make an "application to receive [an OASDI-benefit] payment . . . for the use and benefit of another" but then, after receiving "such a payment," to "knowingly and willfully convert[] such a payment, or any part thereof, to a use other than for the use and benefit of such other person." Section 1383a(a)(4) uses similar language to criminalize the conversion of SSI-benefit payments.

---

citizens. (*See* Compl. 1–2 (providing Minneapolis addresses for Levine and Abe Levine).) For a matter to fall within diversity jurisdiction, there must be "complete diversity of citizenship of the litigants"—i.e., "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quoting *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)).

[3] Because Levine is a *pro se* plaintiff, the Court must construe the Complaint liberally. *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The Court therefore construes the Complaint as seeking to bring claims under § 408(a)(5) and § 1383a(a)(4) against the SSA and Abe Levine. As for the civil cover sheet's references to fraud, deception, and theft, the details here are unclear, but the Court reads the Complaint as (1) seeking to press fraudulent-misrepresentation claims against the SSA and Abe Levine, and (2) asking that the SSA and/or Abe Levine be charged with theft pursuant to Minn. Stat. § 609.52.

### a. Federal-Question Jurisdiction

With this background in place, the Court can consider whether federal-question jurisdiction exists here. Fraudulent-misrepresentation claims are quintessential state-law claims; similarly, claims that Defendants violated Minnesota criminal statutes plainly sound in state law as well. These state-law claims do not provide a ground for federal-question jurisdiction. As a result, the only federal jurisdictional hooks this Court sees are Levine's claims under 42 U.S.C. § 408(a)(5) and 42 U.S.C. § 1383a(a)(4).

But these hooks fail. Of primary concern is that neither statutory provision appears to provide a private right of action. Both are criminal statutes. "Though a bare criminal statute does not necessarily preclude an implied private right of action, there should at least [be] a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999). Nothing in the statutory language of § 408(a)(5) or § 1383a(a)(4) suggests that Congress meant for either provision to create a private right of action.

Indeed, the statutory structure incorporating both provisions indicates that no private right of action is supposed to exist. Under § 405(h)—the Social Security Act's

exclusive-remedy provision, *see* 4 Social Security Law & Practice § 55:3—federal-court jurisdiction over cases concerning OASDI benefits is extremely limited:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

This provision also applies to findings, decisions, and actions involving SSI-benefit payments. *See, e.g.*, *id.* (citing, e.g., 42 U.S.C. § 1383(c)(3)).

The gist of Levine's Complaint is an attack on an earlier determination that Abe Levine should be his representative payee for purposes of OASDI and SSI benefits. The Court sees no way to understand that attack without it being an attempt to review findings or decisions of the Social Security Administration. Therefore, under the Social Security Act's exclusive-remedy provision, this Court has no jurisdiction to review Levine's potential claims under 42 U.S.C. § 408(a)(5) and 42 U.S.C. § 1383a(a)(4).[4] The Court therefore recommends dismissing those claims without prejudice for lack of subject-matter jurisdiction.

---

[4] The Court need not—and so will not—offer any opinion here about Levine's potential ability to bring his claims under the Social Security Act's judicial-review provision—*i.e.*, 42 U.S.C. § 405(g), made applicable to SSI benefits by 42 U.S.C. § 1383(c)(3).

### b. Remaining State-Law Claims

Once one puts aside the Complaint's potential claims under § 408(a)(5) and § 1383a(a)(4), what remains are Levine's potential state-law claims. This raises the question of whether this Court should exercise supplemental jurisdiction over Levine's state-law claims if the Court lacks jurisdiction over his federal-law claims.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367(c)(3) specifies, however, that a district court "may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if . . . the district court has dismissed all claims over which it has original jurisdiction."

The United States Court of Appeals for the Eighth Circuit has discussed these provisions as follows:

> A federal district court has discretionary power to decline the exercise of supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. The factors a court should consider in determining whether to exercise jurisdiction over pendent state law claims are judicial economy, convenience, fairness, and comity. [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Wilson v. Miller*, 821 F.3d 963, 970–71 (8th Cir. 2016) (citations and internal quotation marks omitted; brackets and ellipses in original). Under this Court's recommendation, Levine's federal-law claims will be "eliminated" well before trial. There is no indication

7

that this case would be "unusual" in any way that would support exercising supplemental jurisdiction over the remaining state-law claim. This Court thus recommends declining to exercise supplemental jurisdiction over Levine's state-law claims, and thus dismissing those claims without prejudice.

### c. IFP Application and Hearing Motion

Because the Court recommends the dismissal of this action without prejudice for lack of subject-matter jurisdiction, it further recommends the denial, as moot, of both the IFP Application and the Hearing Motion.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff Stewart Levine's Complaint (Doc. No. 1) be **DISMISSED** without prejudice for lack of jurisdiction.

2. Levine's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) be **DENIED** as moot; and

3. Levine's filing seeking an "expedited hearing" (Doc. No. 3) be **DENIED** as moot.

Dated: November 12, 2020        *s/ Becky R. Thorson*
                                BECKY R. THORSON
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).